P.003                            5510741                        MAR-07-1997 10:44

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

97 MAR -6 AM 10: 01

U.S. DISTRICT COURT
N.D. OF ALABAMA

EARL BYRD,                      )
                                )
         Plaintiff,             )
                                )
vs.                             )   CIVIL ACTION NUMBER
                                )
AMERICAN BANKERS INSURANCE      )       96-PWG-3109-W
COMPANY OF FLORIDA, et al.,     )
                                )
         Defendants.            )

ENTERED

MAR 7 1997

## MEMORANDUM OPINION

The above-entitled civil action is before the court on plaintiff's motion to remand the action to the Circuit Court of Sumter County. Defendants have filed their response, and the motion is now ready for disposition.

Mr. Byrd filed this action in the Circuit Court of Sumter County on or about October 25, 1996. Named as defendants are American Bankers Insurance Company of Florida, American Bankers Insurance Group, and American Bankers Life Assurance Company of Florida. The complaint alleges plaintiff purchased unemployment insurance through defendants, to pay monthly amounts due on his credit cards in the event of unemployment. Mr. Byrd states he became unemployed in December 1995 and made a claim under his insurance policy for payment of his credit card bills, providing necessary documentation. Defendants made one payment under the

MAR-07-97 FRI 10:54 AM   US DISTRICT COURT HSV   FAX NO. 5510741                P.03

12

policy and then stopped. Plaintiff alleges causes of action for breach of contract, fraud, and breach of the duty of good faith and fair dealing. Mr. Byrd specifically seeks $45,000 in compensatory and punitive damages. He does not seek any additional amounts. Contemporaneously with the filing of the complaint, plaintiff's attorney sent a letter offering to settle the case for $40,000. He later offered to settle for $25,000. Defendants removed this action to federal court on November 27, 1996, claiming diversity jurisdiction.

Defendants are corporations organized and existing under the laws of the State of Florida, and Mr. Byrd is an Alabama resident.

Plaintiff filed a timely motion to remand this action, asserting the amount in controversy is less than $50,000[1]; therefore, this court lacks subject matter jurisdiction.

Defendants argue that because the potential recovery by plaintiff is in excess of $50,000, the amount in controversy requirement is satisfied. They contend that punitive damages awards against insurance companies in the State of Alabama have been in the millions of dollars, and Rule 54(e), Ala.R.Civ.P., allows a jury to award damages beyond what is sought in the complaint. As support, defendants cite Hester v. Independent Life

---

[1] This action was filed prior to the effective date of the Federal Courts Improvement Act of 1996, increasing the amount in controversy requirement to $75,000.

2

& *Accident Company*, CV-96-AR-1044-M (N.D. Ala.), in which Senior United States District Judge William M. Acker, Jr., discussed in *dicta* the likelihood in an Alabama insurance fraud case of recovery in excess of $50,000.

## Discussion

Title 28 U.S.C. § 1332(a)(1) provides that district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interests and costs, and is between citizens of different states." In deciding a motion to remand where the parties disagree on federal jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court. *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir. 1994). Because removal is only allowed when the plaintiff's claim could have been filed in federal court originally, the court looks to the plaintiff's complaint to determine whether removal was appropriate.

Plaintiff's complaint specifically requests $45,000 in compensatory and punitive damages. No jurisdiction is apparent on the face of plaintiff's complaint. Therefore, the defendants bear a heavy burden in proving to a legal certainty that plaintiff's claim must exceed $50,000. *Id.* In *Burns*, the Eleventh Circuit Court of Appeals decided a case which is striking in its factual

3

similarity to the case at bar. The plaintiffs in *Burns* filed suit in Alabama state court, alleging fraud, breach of contract, bad faith failure to pay an insurance claim, and negligence, seeking actual and punitive damages of no more than $45,000. Windsor Insurance Company removed the case to federal court and argued that the amount stated in the *ad damnum* clause was illusory and the plaintiff intended to recover more than $50,000. The *Burns* court determined that the amount claimed in plaintiff's complaint was due deference and remanded the action for lack of federal jurisdiction.[2] The Eleventh Circuit further held that the removing defendant may remain in federal court upon a showing that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $50,000. Ultimately, the *Burns* court held that:

> ...Because plaintiff asserts in her *ad damnum* clause a specific claim for less than the jurisdictional amount, defendant, to establish removal jurisdiction, was required to prove to a legal certainty that plaintiff, if she prevailed, would not recover below $50,000. The possibility that plaintiff may in the future seek or recover more damages is insufficient to support federal jurisdiction

---

[2] The Eleventh Circuit cited with approval *Kliebert v. Upjohn Company*, 915 F.2d 142 (5th Cir. 1990), in which the plaintiff sought exactly $10,000. The defendants in *Kliebert* removed, claiming the amount was not pled in good faith and offering proof of higher damage awards in similar cases. The Fifth Circuit Court of Appeals disagreed and remanded the action.

4

> now. Under these facts, defendant did not meet its burden of proof.

*Id.* At 1097.

The arguments that defendants make to support the removal jurisdiction of this court are the same arguments made by the defendant in the *Burns* case. The court concludes that defendant has failed to establish to a legal certainty that there is no possibility plaintiff will recover less than the jurisdictional amount if he prevails on the question of liability. This holding is consistent with *Burns* and the decisions in similar cases in federal courts across the United States. *See Suber v. Chrysler Corporation*, 104 F.3d 578 (3d Cir. 1997); *Tapscott v. MS Dealer Service Corporation*, 77 F.3d 1353 (11th Cir. 1996); *Bennett v. Allstate Insurance Company*, 1997 WL 26301 (N.D. Cal. 1997); *Pickett v. Michigan Mutual Insurance Company*, 928 F.Supp. 1092 (M.D. Ala. 1996); *McGhee v. Allstate Indemnity Company*, 928 F.Supp. 1102 (M.D. Ala. 1996); *Adkins v. Gibson*, 906 F.Supp. 345 (S.D. W.Va. 1995); *Gober v. Allstate Insurance Company*, 855 F.Supp. 158 (S.D. Miss. 1994); *In re Amino Acid Lysine Antitrust Litigation*, 918 F.Supp. 1181 (N.D. Ill. 1996); *Williams v. State Farm Mutual Automobile Insurance Company*, 931 F.Supp. 469 (S.D. Tex. 1995); *See also* 14A Charles Allen Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure*, Section 3725, at 165 (Supp. 1995).

5

Accordingly, by separate order, plaintiff's motion to remand will be granted.

DONE this _____5th_____ day of March, 1997.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON